**No. 25-1969**

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

JUAN CARLOS SANCHEZ ALVAREZ,

*Petitioner-Appellee,*

v.

KRISTI NOEM, Secretary, U.S. Department of Homeland Security,
KEVIN RAYCRAFT, Field Office Director, Detroit Field Office,
Immigration and Customs Enforcement,

*Respondents-Appellants.*

---

On Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids
No. 1:25-cv-1090 (Beckering, J.)

---

## REPLY BRIEF FOR RESPONDENTS-APPELLANTS

---

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

YAAKOV M. ROTH
Principal Deputy Assistant
Attorney General

DREW C. ENSIGN
Deputy Assistant Attorney
General

BENJAMIN HAYES
Senior Counsel to the Assistant
Attorney General

CINDY S. FERRIER
Assistant Director

M. SAMER BUDEIR
Trial Attorney
Office of Immigration
Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin
Station
Washington, DC 20044
Tel: (202) 305 9107

*Counsel for Respondents-Appellants*

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................... i

TABLE OF AUTHORITIES ......................................................................... ii

INTRODUCTION ...................................................................................... 1

ARGUMENT ............................................................................................ 3

I.      Section 1225(b)(2) mandates detention of aliens, like Petitioner, who are present in the United States without having been admitted. .......................................................................................... 3

II.    Petitioner's Due Process Claim is Meritless. ..................................... 4

CONCLUSION ......................................................................................... 4

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

Pursuant to Fed. R. App. P. 28(i) and this Court's November 25, 2025, Order, Doc. 10, Respondents-Appellants join in the Reply Brief filed by the Respondents-Appellants in *Lopez-Campos v. Raycraft* (6th Cir. No. 25-1965) and adopts all arguments made there by reference. For authorities cited in the arguments adopted by reference from *Lopez-Campos*, Respondents-Appellants refer to the Table of Authorities in Respondents-Appellants' reply brief in *Lopez-Campos*.

## CASES

*DHS v. Thuraissigiam,*
    591 U.S. 103 (2020)................................................................... 3

*Landon v. Plasencia,*
    459 U.S. 21 (1982) ................................................................... 3

*RadLAX Gateway Hotel, LLC v. Amalgamated Bank,*
566 U.S. 639 (2012)....................................................................2

*Winter v. NRDC,*
    555 U.S. 7 (2008) ..................................................................... 2

*Yates v. United States,*
    574 U.S. 528 (2015) ................................................................. 2

## STATUTES

### Immigration and Nationality Act of 1952, as amended:

Section 235,
    8 U.S.C. §1225.................................................................... 2, 3

Section 235(a)(3),
    8 U.S.C. §1225(a)(3) ...............................................................1

Section 235(b)(2),
  8 U.S.C. §1225(b)(2) .............................................................. 3

Section 235(b)(2)(A),
  8 U.S.C. §1225(b)(2)(A) .................................................... 1, 3, 4

Section 236,
  8 U.S.C. §1226 ..................................................................... 2

Section 240A(b)(1),
  8 U.S.C. §1229b(b)(1) .......................................................... 4

Section 240A(b)(3),
  8 U.S.C. § 1229b(b)(3) .......................................................... 4

Section 275,
  8 U.S.C. § 1325 ..................................................................... 2

## **RULES**

Fed. R. App. 28(i) ....................................................................... 3, 4

The Immigration and Nationality Act requires the Executive to detain any "applicant for admission" who cannot show he is "clearly and beyond a doubt entitled to be admitted." 8 U.S.C. §1225(b)(2)(A). There is no dispute that Petitioner is an "applicant for admission" and has not shown he is "clearly and beyond a doubt" admissible. The statutory text thus plainly resolves this case and requires reversal.

Petitioner's primary contention is that the phrase "seeking admission" must be read in a colloquial way to only encompass aliens who arrive at a port of entry and voluntarily subject themselves to inspection to obtain admission to the United States. That reading defies the statute's clear language. Most notably, Petitioner disregards the import of §1225(a)(3), which makes crystal clear that *all* "applicants for admission" are necessarily "seeking admission" by operation of law under the defined terms adopted by Congress. Ignoring the words Congress actually used, Petitioner urges an agrammatical reading that is at war with numerous other cases interpreting similar language, not to mention the English language.

His reading of "seeking admission" also is internally incoherent— asking the Court to read "seeking" without reference to the defined term ("admission") *or* the term of art ("applicant for admission") to which it

relates. That defies the basic command that a statute's language must be discerned based on "the specific context in which the language is used." *Yates v. United States*, 574 U.S. 528, 537 (2015). Ultimately, Petitioner's interpretation would require disparate treatment Congress never could have intended—favoring aliens who *intentionally* evade inspection and enter the country *in violation of law* by affording them bond hearings, while mandating detention of those who present at a port of entry *in compliance with law*. In Petitioner's view, "no good deed goes unpunished." *Winter v. NRDC*, 555 U.S. 7, 31 (2008). Those that actually commit the crime of illegal entry (8 U.S.C. §1325) are rewarded with access to bond hearings to which their law-abiding counterparts are denied. That is the exact perverse regime Congress sought to abolish through §1225.

Despite §1225's clear text, Petitioner asks the Court to ignore it based on the separate detention authorities in §1226. His arguments based on §1226 rely on inference, conflicting legislative history, and inconsistent Executive interpretations—nothing remotely sufficient to displace the clear terms of §1225's plain text. Here, §1225 is directly on point and it is axiomatic that "the specific controls the general." *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645 (2012).

Alternatively, Petitioner argues that mandatory detention under §1225

violates due process. The district court never addressed a freestanding due process claim, and this Court should not do so first. In any event, Petitioner's attempt to pilfer additional due process rights through his illegal physical entry fails. Under longstanding precedent, aliens who have never "been admitted into the country pursuant to law" are due only the process given by Congress in statute. *DHS v. Thuraissigiam*, 591 U.S. 103, 138-39 (2020). Only "*once an alien gains admission* to our country ... [does] his constitutional status change[]." *Landon v. Plasencia*, 459 U.S. 21, 32 (1982) (emphasis added). Because Congress did not provide "applicants for admission" like Petitioner the right to a bond hearing, the due process clause does not either.

**ARGUMENT**

I. **Section 1225(b)(2) mandates detention of aliens, like Petitioner, who are present in the United States without having been admitted.**

Pursuant to Fed. R. App. P. 28(i) and this Court's November 25, 2025, Order, Doc. 10, Respondents-Appellants join in the Reply Brief filed by Respondents-Appellants in *Lopez-Campos v. Raycraft* (6th Cir. No. 25-1965) and adopt all arguments made there by reference.

In addition, Respondents-Appellants note that if Petitioner's theory of the phrase "seeking admission" in 8 U.S.C. §1225(b)(2)(A) were correct, then he is plainly "seeking admission" under that interpretation. In fact, the

3

district court itself concluded that "Petitioner is now seeking admission to the United States."  Opinion, RE 8, PageID #116-17.  Petitioner has filed applications for asylum and cancellation of removal and adjustment of status for certain nonpermanent residents under 8 U.S.C. §1229b(b)(1); and applied for a visa.  Pet. Exh., RE 1-2, PageID #22, 24-25.  If any of those applications are granted, Petitioner will be granted lawful status in the United States.  *See*, *e.g.*, 8 U.S.C. § 1229b(b)(3) (cancellation statute, mandating that the agency "shall record the alien's lawful *admission* for permanent residence as of the date of the ... cancellation of removal.") (emphasis added).  Thus, Petitioner is seeking admission within the meaning of § 1225(b)(2)(A), even under his own interpretation.

## II.    Petitioner's Due Process Claim is Meritless.

Pursuant to Fed. R. App. P. 28(i) and this Court's November 25, 2025, Order, Doc. 10, Respondents-Appellants join in the Reply Brief filed by the Respondents-Appellants in *Lopez-Campos v. Raycraft* (6th Cir. No. 25-1965) and adopts all arguments made there by reference.

### CONCLUSION

The Court should reverse the district court's order granting the writ of habeas corpus.

Respectfully submitted,

BRETT A. SHUMATE
  *Assistant Attorney General*

YAAKOV M. ROTH
  *Principal Deputy Assistant*
    *Attorney General*

DREW C. ENSIGN
  *Deputy Assistant Attorney*
    *General*

BENJAMIN HAYES
  *Senior Counsel to the Assistant*
    *Attorney General*

CINDY FERRIER
Assistant Director

 *s/ M. Samer Budeir*
M. SAMER BUDEIR
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
TEL: (202) 305 9107

January 15, 2026

*Counsel for Respondents-Appellants*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the CM/ECF system on January 15, 2026.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished via the CM/ECF system.

*s/M. Samer Budeir*
M. SAMER BUDEIR

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 817 words, excluding the portions of the brief exempted by Federal Rule of Appellate Procedure 32(f). I further certify that this brief complies with the typeface and typestyle requirements of Federal Rule of Appellate Procedure 32(a)(5) and (a)(6) because it has been prepared in proportionally spaced 14-point Georgia type.

*s/ M. Samer Budeir*
M. SAMER BUDEIR